## Watson v. Chesapeake & O. Ry. Co.
## Hickman v. Same.

(Decided Jan. 27, 1933.)

WOODS, STEWART, NICKELL & SMOOT for appellants.
BROWNING & DAVIS for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Appellants own property fronting on Railroad Alley in Ashland. They brought these suits against the railroad company to recover damages to their property by reason of changes in the railroad tracks in Railroad Alley. The first case was once before tried, resulting in a verdict and judgment in favor of the railroad company. On appeal to this court the judgment was reversed and the facts are stated in that opinion. Watson v. C. & O. R. Co., 238 Ky. 31, 36 S. W. (2d) 641. On the return of the case to the circuit court it was tried again and the second case was tried with it on the same evidence. The jury found a verdict for the plaintiffs in the first case in the sum of $600, and in the second for $200. The court entered judgment on the verdict and refused a new trial. The plaintiffs appeal.

The first ground for reversal relied on is error in admission of evidence. O. N. Elam was introduced as a witness for the plaintiff and testified that he knew the property and that it had depreciated in value by the things complained of $15,000. On cross-examination he stated that his mother owned a lot adjoining

the Hickman lot, which he managed and looked after for her, and he testified that his mother's lot was damaged about $15,000. He was then asked if he had filed a suit for his mother to recover these damages, and over the objection of the plaintiffs testified that he had settled the claim for $600; but on redirect examination he explained that the reason he did this was his suit was not brought within the five-year period of limitation. The plaintiffs earnestly insist that this proof was incompetent; but while this may be so the court does not see that this requires a reversal of the judgment. It was only a collateral matter. The defendant introduced one witness who testified that the depreciation of Watson's property, by the things complained of, was $600; one put it as low as $200; another put it at $800. The verdict of the jury was well within the estimates given by these witnesses who knew the property, and in view of the great mass of evidence heard, the court does not see that the substantial rights of the defendant were prejudiced by the admission of this testimony. Certainly it did not affect the Hickman case. Several of the witnesses testified that the damage to this property was about $200, and the verdict of the jury conforms to that testimony.

Instruction 1, given by the court, is practically as directed by this court in the former opinion and is not complained of. Instruction 2 is in these words:

"The court instructs the jury that they can not find for plaintiff because of any damage to or depreciation in value of plaintiff's property, resulting from the moving of defendant's depot."

When plaintiff's property was built the railroad depot stood just opposite to it on Railroad Alley, and of course its position made it valuable for railroad trade. Some years ago, however, the railroad company moved the depot a square and a half west. The railroad company had a perfect right to move the depot, and the exercise of a legal right never gives a ground for the recovery of damages. It is said there was no issue in the pleadings on this subject, and that the instructions should be confined to the issues made by the pleadings. But the court may always define the measure of damages in the case, and not to do so in a case like this would be very prejudicial to the parties.

Clearly no substantial right of the plaintiff was affected by this instruction.

Instruction 3 is as follows:

"The Court instructs the jury that they can not find for plaintiff because of any damage to his property resulting from the use and occupation of Railroad Alley by the defendant, as same was used and occupied by it prior to the construction of the additional tracks and structures referred to in the evidence; and the court further instructs you that you can not find for plaintiff because of the construction of the additional tracks and structures, or because of any elevating of the old tracks, unless you shall further believe from the evidence that the plaintiff's property was injured by the construction of said additional tracks and structures, or by the said elevation of the old tracks, over and above what it was already injured by the tracks and structures which were in the alley when the additional tracks were constructed and the grade of the old tracks elevated, and in case they do so believe from the evidence they can find for the plaintiff only the amount of such additional damage."

The old tracks and structures had been in Railroad Alley for more than thirty years, and the plaintiffs could not complain of these structures. The instruction was proper as defining the measure of damages and was clearly not prejudicial to the substantial rights of the plaintiff.

Lastly it is insisted that the verdict of the jury is palpably against the evidence. There was much testimony for the plaintiff that the depreciation of their property was in a very large sum, but a careful reading of the evidence would indicate that the real trouble in the matter was the moving away of the depot from the neighborhood. They have undoubtedly lost heavily, but the railroad company is not liable for this, and upon a careful reading of the entire record the court is unable to say that the verdict of the jury is palpably against the evidence.

Judgment affirmed.